**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wyatt Dennis Logan,<br><br>            Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | No. CV-16-08296-PCT-ESW<br><br>**ORDER** |

      Pending before the Court is Wyatt Dennis Logan's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his applications for disability insurance benefits and supplemental security income. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 17).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 16, 18, 19), the Court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence and is free of harmful legal error. The decision is therefore affirmed.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.

---

[2] *Parra*, 481 F.3d at 746.

1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts, ambiguity, and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court must also consider the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion.") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1970, has been employed as a trucking supervisor and tank truck driver. (A.R. 76, 1407). In 2010, Plaintiff filed an application for disability insurance benefits. (A.R. 202-03). Plaintiff's application alleged that on March 10, 2010, he became unable to work due to (i) "[n]europathy, heart, diabetes, arthritis, knee, back, hips," carpal tunnel, neuralgia paraestetica, high blood pressure, and spinostenosis. (A.R. 76). Social Security denied the application on October 20, 2010. (A.R. 115-18). In July 2011, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 120-23). Plaintiff sought further review by an ALJ, who conducted a hearing in October 2012. (A.R. 36-74, 124-25).

In his December 12, 2012 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 18-29). The Appeals Council

denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-4, 13-14). In April 2014, Plaintiff filed a Complaint requesting judicial review and reversal of the ALJ's decision. (Case No. CV14-08061, Doc. 1). The parties filed a Stipulated Motion to Remand, which the Court granted. (*Id.*, Docs. 27, 28).

Upon remand, an ALJ held a second administrative hearing. (A.R. 1387-1415). As explained in a October 19, 2016 decision, the ALJ did not find that Plaintiff was disabled during the relevant period. (A.R. 1365-78). Plaintiff filed this action on December 19, 2016 seeking review of the decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

The ALJ completed all five steps of the disability analysis before finding that Plaintiff is not entitled to disability benefits.

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 10, 2010, the alleged disability onset date, through December 31, 2015, the date last insured. (A.R. 1367). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: obesity, diabetes, lumbar degenerative disc disease with December 2015 laminectomy, history of reactive arthritis, coronary artery disease with history of stent placement, mood disorder, dysthymia, marijuana abuse, adjustment disorder with anxiety and depressed mood, and intermittent explosive disorder. (A.R. 1367). This determination is undisputed.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 1368-69). Neither party challenges the ALJ's determination at this step.

### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff

> can never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, balance, stoop, crouch, kneel, and crawl; occasionally be exposed to non-weather related extreme cold and extreme heat, and excessive vibration; occasionally be exposed to dangerous machinery with moving, mechanical parts; and occasionally be exposed to unprotected heights that are high or exposed. The claimant needs work with only occasional interaction with co-workers and supervisors. He can work in the vicinity of others but not in tandem with co-workers. Public interaction must be brief and casual (such as a parking lot cashier serving one customer at a time). He cannot do sales work with the public.

(A.R. 1369-70). Based on the assessed RFC and the testimony of a Vocational Expert ("VE"), the ALJ concluded that Plaintiff is not capable of performing his past relevant work. (A.R. 1376). Plaintiff argues that the ALJ improperly weighed the evidence in assessing Plaintiff's RFC, but the parties do not dispute the ALJ's determination at Step Four that Plaintiff is unable to perform his past relevant work.

### 5. Step Five: Capacity to Perform Other Work

At the administrative hearing, the VE testified that based on Plaintiff's RFC, Plaintiff would be able to perform the requirements of representative occupations such as motor vehicle dispatcher, "marker in merchandise markers," and routing clerk. (A.R. 1408-09). The ALJ found that the VE's testimony was consistent with the information in the Dictionary of Occupational Titles and that the jobs identified by the VE existed in significant numbers in the national economy. (A.R. 1377). After considering the VE's testimony, Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff can make a successful adjustment to other work and is therefore not disabled. (*Id.*). Plaintiff asserts that due to restrictions not accounted for in the ALJ's RFC assessment, he is unable to engage in any work.

**C. Opinions of Chad Hartley, M.D.**

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

In a summary report, Chad Hartley, M.D. stated that Plaintiff "has difficulty with standing, sitting, walking, or lifting for any significant period of time." (A.R. 2304). The ALJ gave this statement little weight. (A.R. 1374). The ALJ first noted that the "statements were made at least six months after the date last insured." (*Id.*). This is an invalid reason for discounting Dr. Hartley's statement. Ninth Circuit case law provides that "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (citing cases from the Eighth, Eleventh, Fourth, Second, and Seventh Circuits); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1033 n.3 (9th Cir. 2007) (noting that medical reports made after the plaintiff's disability insurance lapsed were relevant and were properly considered by the ALJ and the Appeals Council under *Smith*). Moreover, the most recent medical records are the most probative in cases

where the claimant's condition is or may be progressively deteriorating.[3] *Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985) (holding that earlier medical evaluations do not constitute substantial evidence for rejecting treating physician's subsequent and more current opinion when claimant's condition is degenerative); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("Where a claimant's condition becomes progressively worse, medical reports from an early phase of the disease are likely to be less probative than later reports."); *see also Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986) ("Where claimant's medical condition is progressively deteriorating, the most recent medical report is the most probative."). The Court finds that the ALJ's first reason for discounting Dr. Hartley's statements is legally invalid.

Next, the ALJ concluded that the "statements are not supported by the above-discussed objective evidence originating from the relevant period." (A.R. 1374). The ALJ, however, does not explain the reasons for reaching this conclusion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (explaining that the Court cannot "speculate as to the grounds for the ALJ's conclusions"); *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citation omitted); *Regennitter v. Comm'r of Soc. Sec. Admin*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion."). The ALJ's decision does not discuss a December 11, 2015 magnetic resonance imaging ("MRI") report that states: "Areas of central stenosis at L4-5 and L5-S1. This is most significant at L4-5. This level most likely accounts for the patient's symptomatology." (A.R. 1776). Nor does the decision discuss a July 6, 2016 MRI that found postsurgical scarring in the paraspinal musculature and subcutaneous soft tissues posterior to the spine and "disc protrusion at L4-L5 [that] causes relatively severe spinal

---

[3] The record contains evidence that Plaintiff's condition has deteriorated. For instance, an August 2015 medical record states that Plaintiff presented with an increase in frequency and intensity of pain. (A.R. 2290)

stenosis and apparent compression of the passing nerve roots."[4] (A.R. 2305). To reiterate, the mere fact that this record is after Plaintiff's date last insured does not in itself render the record irrelevant to the disability determination. *Smith*, 849 F.2d at 1225. The Court does not find that the ALJ's second reason for assigning little weight to Dr. Hartley's statement is sufficiently specific.

The ALJ also found that Dr. Hartley's statements are not consistent with Plaintiff's "physically demanding activities." (A.R. 1374). The ALJ explained that "[a]ctivities such as hiking, weight lifting, yard work, repair work, using a treadmill, and shopping suggest substantial abilities to walk, stand, lift, bend, and twist, while activities such as college attendance, riding a motorcycle, driving, and church attendance suggest substantial capacity to sit." (*Id.*). The ALJ's decision does not adequately explain how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day"). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. The Court finds that the ALJ's third reason for discounting Dr. Hartley's statement is not sufficiently specific.

The ALJ also gave Dr. Hartley's statement little weight because the statement is "vague, lacking a specific degree of 'difficulty.'" (A.R. 1374). The ALJ also noted the ambiguous nature of Dr. Hartley's statement that Plaintiff had been "unable to work," acknowledging that it may be considered a medical opinion that "appears [to be] based primarily on the claimant's subjective complaints." (A.R. 1374). Plaintiff correctly

---

[4] Plaintiff had a L5 microdiscectomy on December 25, 2015, prior to Plaintiff's last date insured. (A.R. 2303)

asserts (Doc. 16 at 16) that an ALJ has a duty to develop the record when there is "ambiguous evidence or when the record is insufficient to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001); *see also Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998) ("[T]he ALJ has a duty to assist in developing the record."); *see also Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ."). Dr. Hartley began treating Plaintiff in 2013, approximately one year before he wrote his summary report. (A.R. 2303). Given this treating relationship and the recency of Dr. Hartley's report, the Court finds that the ALJ failed to fully and fairly develop the record after acknowledging the ambiguities in the report. *Cf. Brown v. Berryhill*, 697 F. App'x 548, 549 (9th Cir. 2017) ("Because the record evidence was not ambiguous and the record was sufficient to allow for proper evaluation of the evidence, the ALJ was not required to re-contact Brown's doctors or further develop the record."). As explained in Section II(E) below, the Court will remand the case for further proceedings.

### D. Plaintiff's Symptom Testimony

When evaluating the credibility of a plaintiff's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The plaintiff does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather, a plaintiff must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a plaintiff meets the first step, and there is no affirmative evidence of malingering, the ALJ can only reject a plaintiff's testimony about the severity of his or

her symptoms by offering specific, clear, and convincing reasons. *Lingenfelter*, 504 F.3d at 1036. The ALJ cannot rely on general findings. The ALJ must identify specifically what testimony is not credible and what evidence undermines the plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). In weighing a plaintiff's credibility, the ALJ can consider many factors including: a plaintiff's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or inadequately explained failure to seek treatment, and the plaintiff's daily activities. *Smolen*, 80 F.3d at 1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but concluded that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (A.R. 1370). In the section of the Opening Brief challenging the ALJ's credibility assessment, Plaintiff states that his arguments challenging the ALJ's assessment of Dr. Hartley's report are "also attacks on the ALJ's credibility finding, but Plaintiff addresses in this section of the brief only one additional fact with respect to that finding: Plaintiff's exemplary work history." (Doc. 16 at 21).

Plaintiff asserts that his "lengthy work history is a factor that lends to his credibility, not detracts from it, particularly because the ALJ cited the fact that Plaintiff had paid off his home, and the fact that he received private disability payments as reasons to find Plaintiff as less credible." (*Id.* at 23). The ALJ's decision, however, indicates that the ALJ did review Plaintiff's earning record. (A.R. 1365) ("The claimant's earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through December 31, 2015."). Further, an ALJ is not required to discuss every piece of evidence in the record. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). While a claimant's work history *may* be deemed probative of credibility, a strong

work history does not require an ALJ to credit a plaintiff's symptom testimony. The Court does not find that the ALJ's failure to engage in a more extensive discussion of Plaintiff's work history is harmful error. Yet as the Court is remanding the case for further proceedings and the issuance of a new decision, the ALJ shall specifically explain in the decision the ALJ's findings with respect to how Plaintiff's work history impacts the credibility assessment.

In addition, the Court finds that the ALJ's credibility assessment does not adequately explain how Plaintiff's reported activities translate to the ability to maintain fulltime employment. (A.R. 1370-71). For instance, although Plaintiff reported being a "baseball assistant," the record does not reflect what that entails. (A.R. 2180). The ALJ did not inquire into the extent of Plaintiff's daily activities at the administrative hearing. (A.R. 1471-1508). An ALJ's speculation does not constitute substantial evidence. *See Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (explains that an ALJ's "concerns and speculation" that a claimant's mental impairments were caused by drug or alcohol abuse "do not amount to substantial evidence").

The ALJ also rejected Plaintiff's symptom testimony on the ground that the medical evidence does not support Plaintiff's "contentions of disabling pain and extremely limited standing and walking." (A.R. 1371). Although the lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his or her credibility analysis. See 20 C.F.R. § 404.1529(c)(2); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The Court does not find that the ALJ's decision sufficiently explains how the medical evidence contradicts Plaintiff's symptom testimony.

**E. The Court will Remand the Matter for Further Proceedings**

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

> 1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.
>
> 2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id.* at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.*
>
> 3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id.*; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the

record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

As explained, the Court finds that the ALJ failed to develop the record with respect to the ambiguities in Dr. Hartley's report. In addition, the Court finds that the ALJ's decision does not sufficiently explain why the ALJ found Plaintiff's symptom testimony not credible. Because not all factual issues have been resolved, the Court finds that it is appropriate to remand the case for further proceedings.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding for further administrative proceedings. The ALJ shall issue a new decision in accordance with this Order and applicable law. The Clerk of Court is directed to enter judgment accordingly.

Dated this 13th day of February, 2018.

_____
Eileen S. Willett
United States Magistrate Judge